IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,** | : : : : : | CIVIL ACTION NO. 3:20-CV-1815<br><br>(Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **CABOT OIL & GAS CORPORATION, DAN O. DINGES, and SCOTT C. SCHROEDER,** | : : : : : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Delaware County Employees Retirement System (the "Retirement System") advances two claims for violation of securities laws on behalf of itself and a putative class. The Retirement System has moved for appointment as lead plaintiff and for appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the putative class. We will deny the motion and require publication of a new notice.

I.     **Factual Background & Procedural History**[1]

Defendant Cabot Oil & Gas Corporation ("Cabot") is a publicly traded company that "engage[s] in the development, exploitation and exploration of oil and gas properties" in the United States and, as relevant here, in Pennsylvania. (Doc. 1

---

[1] The following factual narrative derives from the complaint, as well as the Retirement System's filings regarding its motion to appoint lead plaintiff and lead counsel. (Docs. 1, 4, 5, 6, 6-1, 6-2, 6-3, 6-4).

¶ 12). The Retirement System is a former shareholder of Cabot. (Id. ¶ 7). According to the complaint, the Retirement System purchased Cabot shares at prices artificially inflated by Cabot's false or misleading statements regarding its environmental protocols and exposure to legal liability. (Id. ¶ 1). The Retirement System claims that, in doing so, Cabot and its corporate officials violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5. (Id.) The Retirement System seeks to represent putative class members who also allegedly purchased stock at inflated prices. (Id. ¶ 39).

A nearly identical suit was first filed in the United States District Court for the Southern District of Texas on August 13, 2020. See Windler v. Cabot Oil & Gas Corp., No. 4:20-CV-2827, Doc. 1 (S.D. Tex. Aug. 13, 2020). That same day, notice was published on *PRNewswire* advising class members of the pendency of the Windler action and informing them of their right to seek lead-plaintiff status in that case by October 13, 2020. (Doc. 5 at 5; Doc. 6-1 at 1). We refer to this as the "Windler notice." The Windler action was voluntarily dismissed on October 6, 2020, 54 days after publication of its notice. Windler, No. 4:20-CV-2827, Doc. 12 (S.D. Tex. Oct. 6, 2020). One day before the Windler action was dismissed—on October 5, 2020—the instant suit was filed in this court. (Doc. 1). Notice of this action was published on *Business Wire* the same day. (Doc. 6-2 at 1). We refer to this as the "Retirement System's notice." The Retirement System's notice, like the Windler notice, advised putative class members of their right to seek lead-plaintiff status by October 13, 2020. (Id.)

The Retirement System now moves for appointment as lead plaintiff and appointment of Robbins Geller as lead counsel. Its motion is unopposed and no other plaintiff has sought lead-plaintiff status in this court or in <u>Windler</u>. On October 29, 2020, we ordered the Retirement System to show cause as to the timeliness of its motion. The Retirement System responded to that order on November 5, 2020. The motion is now ripe for disposition.

## II.   Discussion

Before we can reach the merits of the Retirement System's motion, we must determine whether it has complied with the Private Securities Litigation Reform Act's ("PSLRA") procedural requirements for appointment of lead plaintiff and lead counsel. The PSLRA requires that, within 20 days after filing "the complaint," the plaintiff must publish notice of the suit. 15 U.S.C. § 78u-4(a)(3)(A)(i). That notice must advise putative class members of "the pendency of the action, the claims asserted therein, and the purported class period." <u>Id.</u> § 78u-4(a)(3)(A)(i)(I). It must also inform them that they can move "the court" to be appointed as lead plaintiff within 60 days of the notice. <u>Id.</u> § 78u-4(a)(3)(A)(i)(II). In a case like the instant one, when more than one action is filed alleging substantially similar claims, "only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published." <u>Id.</u> § 78u-4(a)(3)(A)(ii). If a motion is filed "in response to the notice" by anyone, whether or not they are "individually named as a plaintiff in the complaint or complaints," "the court" has 90 days from the notice date to rule on the motion. <u>Id.</u> § 78u-4(a)(3)(B)(i). However, if a motion to consolidate several similar actions is

filed, the court shall consider the consolidation motion before resolving the motions for lead-plaintiff status.  Id. § 78u-4(a)(3)(B)(ii).

On August 13, 2020, notice was timely published in the Windler action.  That notice established an October 13, 2020 filing deadline for potential class members to move to be appointed lead plaintiff.  (Doc. 6-1).  The Retirement System filed the instant action on October 5, 2020, and simultaneously issued a notice advising class members of the October 13, 2020 deadline.  (Doc. 1).  The Retirement System's notice did not incorporate, mention, or in any way connect this action to Windler.  The Windler action was voluntarily dismissed the next day, Windler, No. 4:20-CV-2827, Doc. 12 (S.D. Tex. Oct. 6, 2020), before expiration of the 60-day deadline.  All told, the Windler action and this action were jointly pending for one day.  When the statutory period established by Windler expired on October 13, 2020, the Retirement System moved for appointment as lead plaintiff in this court.  (Doc. 4).  The issue in this case is whether republication of notice, and a new 60-day waiting period, are required in a later filed action when the first filed and noticing action is dismissed before expiration of the statutory period.  We conclude that, under the particular circumstances of this case, republication is required.

The PSLRA's notice provisions contemplate that lead-plaintiff motions will ordinarily be filed in the first filed action, or a consolidated action at the end of the statutory waiting period.  See 15 U.S.C. § 78u-4(a)(3); see also Kanugonda v. Funko, Inc., No. C18-812RSM, 2018 WL 9440603, at *2 (W.D. Wash. June 27, 2018).  When that action has been dismissed, republication and a new waiting period may be appropriate.  This approach is consistent with persuasive precedent in our circuit.

4

Courts routinely recognize that proper notice "must contain accurate information from which an interested class member may contact the Court and readily obtain a copy of the complaint in a *pending* action and/or file a motion to be appointed as lead counsel in that case." Howard v. Arconic Inc., No. 2:17-CV-1057, 2017 WL 11486395, at *1 (W.D. Pa. Oct. 6, 2017) (quoting Janovici v. DVI, Inc., No. CIV.A.2:03CV04795-LD, 2003 WL 22849604, at *5 (E.D. Pa. Nov. 25, 2003)). Failure to do so deprives class members of information essential to deciding whether they wish to seek lead-plaintiff status. Id. (quoting Marsden v. Select Med. Corp., No. Civ.A.04-4020, 2005 WL 113128, at *3 (E.D. Pa. Jan. 18, 2005)).

At least one court in our circuit has invoked this reasoning to require republication and a new 60-day waiting period under similar circumstances. See generally Howard, 2017 WL 11486395. In Howard, three related actions were filed in the Southern District of New York and notice was issued in the first-filed action. Id. at *2. The Howard action was then filed in the Western District of Pennsylvania. See id. Before expiration of the 60-day period, the three New York actions were voluntarily dismissed, one of which was subsequently refiled in the Western District of Pennsylvania. Id. Chief Judge Hornak of the Western District of Pennsylvania concluded that notice must be republished because no published notice afforded the class with enough information about the pending Pennsylvania actions or adequately directed them to those actions. Id. (noting initial and later notices).

To be clear, we are not concluding that a PSLRA notice is always inadequate when the initial noticing action has been dismissed. There may be cases in which putative class members are provided with enough information to know of the

5

available actions in which they may seek to act as lead plaintiff.  But neither the Windler notice nor the Retirement System's notice provide sufficient information or cure the notice defect in this case.  The Retirement System's October 5, 2020 notice informed putative class members that they had until October 13, 2020—just eight days—to seek lead-plaintiff status.  That notice, standing alone, obviously does not satisfy the PSLRA's 60-day notice requirement.

The Retirement System's effort to aggregate the Windler notice period also fails.  The Retirement System's notice nowhere mentions or incorporates Windler such that potential class members would have been informed of the change in venue.  Cf. Allegheny Cty. Employees' Ret. Sys. v. Energy Transfer LP, No. CV 20-200, Doc. 4-5 at 1-2 (E.D. Pa. Jan. 21, 2020) (expressly incorporating first filed action and its deadline).  Nor did the Windler plaintiff supplement its notice during the very brief period when the actions were jointly pending to notify recipients that putative class members could seek lead-plaintiff status in the instant action.  Windler was voluntarily dismissed and not transferred to this district.  Hence, a potential plaintiff reviewing the Windler docket would have no reason to know that their motion should be filed here.

We recognize that other courts cited by the Retirement System have held that notice was adequate in a subsequently filed action even when the noticing action was voluntarily dismissed before the 60-day deadline.  We respectfully decline to follow those cases.  Certain of them are factually distinguishable.  See, e.g., Solomon v. Sprint Corp., No. 1:19-cv-5272, Doc. 23 at 1-3 (S.D.N.Y. May 13, 2020) (motion for lead plaintiff filed with consolidation motion in first filed action

6

before action was voluntarily dismissed). Others offer little analysis of the notice requirement itself. See, e.g., Allegheny Cty. Employees' Ret. Sys. v. Energy Transfer LP, No. CV 20-200, 2020 WL 815136, at *2 (E.D. Pa. Feb. 19, 2020); In re Taleo Corp. Sec. Litig., No. C 09-00151 JSW, 2009 WL 322914, at *1 n.1 (N.D. Cal. Feb. 9, 2009). Other cases necessarily weigh the PSLRA's policy preferences differently than we do given their unique circumstances. See, e.g., Bluestone v. Sadove, No. 3:18-CV-63-HSM-HBG, 2018 WL 3374160, at *3-4 (E.D. Tenn. July 6, 2018), report and recommendation adopted by 2018 WL 5973814 (E.D. Tenn. Nov. 14, 2018).[2]

To adopt the Retirement System's approach would also open the door to potential gamesmanship. To be very clear, such is not the case here. Nonetheless, under its preferred reading, plaintiffs could, for example, file, notice, and voluntarily dismiss suits at 10-day intervals without notifying putative class members of the next venue; subsequently filed cases would only have to overlap for a single day to aggregate the notice. Such steps would inhibit efforts of interested

---

[2] Competing policies undergird the PSLRA. On the one hand, the statute's notice provisions expand the universe of those who may seek lead plaintiff status, China Agritech, Inc. v. Resh, 584 U.S. ___, 138 S. Ct. 1800, 1807-08 (2018) (citations omitted); In re Cavanaugh, 306 F.3d 726, 738 (9th Cir. 2002), and allow potential class members to make informed decisions regarding their role in the case, Marsden v. Select Med. Corp., No. CIV.A.04-4020, 2005 WL 113128, at *3 (E.D. Pa. Jan. 18, 2005) (citations omitted). On the other hand, the PSLRA clearly evinces a preference for appointing lead plaintiff and counsel early in the litigation. Montesano v. Eros Int'l PLC, No. CV1914125JMVJAD, 2020 WL 1873015, at *7 n.5 (D.N.J. Apr. 14, 2020) (quoting In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 433 n.12 (E.D. Va. 2000)). In this case, we do not think that expeditious litigation trumps putative class members' right to a full opportunity to consider the claims at issue and their respective role in the suit.

parties to seek lead-plaintiff status and would effectively eviscerate the statutory notice requirement.  To reiterate, we are not by any means suggesting that such gamesmanship has occurred here, but we think it best to avoid an interpretation that could be construed as permitting such conduct in future litigation.

For those reasons, we conclude that the notice in this case was inadequate and must be republished.

### III.  Conclusion

We will deny the Retirement System's motion (Doc. 4) without prejudice to its right to refile after republication of notice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     November 12, 2020