IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM**, individually and on behalf of all others similarly situated, | : : : : : | CIVIL ACTION NO. 3:20-CV-1815 (Judge Conner) |
| Plaintiff | : : | |
| v. | : : | |
| **CABOT OIL & GAS CORPORATION, DAN O. DINGES, and SCOTT C. SCHROEDER,** | : : : : : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Delaware County Employees Retirement System (the "Retirement System") advances two claims for violation of securities laws on behalf of itself and a putative class. The Retirement System has moved for appointment as lead plaintiff and for appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the putative class. The motion is unopposed.

**I.      Factual Background & Procedural History**[1]

Defendant Cabot Oil & Gas Corporation ("Cabot") is a publicly traded company that "engage[s] in the development, exploitation and exploration of oil and gas properties" in the United States and, as relevant here, in Pennsylvania. (Doc. 1 ¶ 12). The Retirement System is a former shareholder of Cabot. (See Doc. 6-4).

---

[1] The following factual narrative derives from the complaint, as well as the Retirement System's filings regarding its motion to appoint lead plaintiff and lead counsel. (Docs. 1, 4, 5, 6, 6-1, 6-2, 6-3, 6-4, 18, 20, 21).

According to the complaint, the Retirement System purchased Cabot shares at prices artificially inflated by Cabot's false or misleading statements regarding its environmental protocols and exposure to legal liability. (Doc. 1 ¶ 1). The Retirement System claims that, in doing so, Cabot and its corporate officials violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. (Id.) The Retirement System seeks to represent putative class members who also allegedly purchased stock at inflated prices. (Id. ¶ 39).

This is the Retirement System's second motion for appointment of lead plaintiff and lead counsel. On November 12, 2020, we held that the notice provided to putative shareholders was inadequate and ordered reissuance of notice. See Del. Cty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp., No. 3:20-CV-1815, 2020 WL 6682531, at *2-3 (M.D. Pa. Nov. 12, 2020). The Retirement System reissued notice the next day. (See generally Doc. 18-1). The notice informed shareholders of this action, its claims, the class period, and the deadline by which a purported class member could move to serve as lead plaintiff. (Id.)

The Retirement System renewed its motion for appointment as lead plaintiff and for appointment of lead counsel on January 12, 2021. The motion is unopposed and ripe for disposition.

II.   **Discussion**

The Retirement System seeks to be named lead plaintiff and asks us to approve its choice of lead counsel pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. As a threshold matter, we note that the

Retirement System has complied with our November 12, 2020 order mandating republication of notice. The Retirement System's reissued notice complies with the PSLRA in that it apprises putative class members of "pendency of the action, the claims asserted therein, and the purported class period," as well as the deadline by which a putative class member may seek lead-plaintiff status. See 15 U.S.C. § 78u-4(a)(3)(A)(i)(I), (II); (see also Doc. 18-1). We are now tasked with deciding whether the Retirement System is an appropriate lead plaintiff and whether its choice of lead counsel is reasonable.

    **A.**    **Lead Plaintiff**

Selecting a lead plaintiff is a two-step process. See In re Cendant Corp. Litig., 264 F.3d 201, 262-70 (3d Cir. 2001). We first identify the presumptive lead plaintiff, and then determine whether any member of the putative class has rebutted that presumption. Id. at 262 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), (a)(3)(B)(iii)(II). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that filed either the complaint or a motion in response to the notice, has the largest financial interest, and preliminarily satisfies Federal Rule of Civil Procedure 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); In re Cendant, 264 F.3d at 263-64. We consider three factors when analyzing a movant's financial interest: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." Tomaszewski v. Trevena, Inc., 383 F. Supp. 3d 409, 412 (E.D. Pa. 2019) (citing In re Cendant, 264 F.3d at 262 (citations omitted)). At this stage, the movant need only make a *prima*

*facie* showing of "typicality" and "adequacy" under Rule 23. <u>In re Cendant</u>, 264 F.3d at 263-64.

The Retirement System has a substantial financial interest in this suit. It acquired 89,334 shares of Cabot stock at a total cost of $2,156,402.95, and realized a total loss of $158,608.71. (Doc. 6-4, Ex. D). No other potential class member has come forth with a greater financial interest, and the Retirement System states that, to the best of its knowledge, no other potential class member has a larger interest.

The Retirement System has also made a *prima facie* showing of typicality and adequacy. As part of the typicality inquiry, we consider whether the movant's circumstances or legal theories are "markedly different" from that of the putative class or its members. <u>In re Cendant</u>, 264 F.3d at 265 (citations and internal quotation marks omitted). The Retirement System alleges that Cabot made misleading statements that artificially raised the price of its stock, resulting in losses to shareholders. (Doc. 1 ¶ 1). Both putative class members and the Retirement System are alleged to have been shareholders harmed by this conduct. The Retirement System's claims thus arise out of the same event or course of conduct that gives rise to the class members' claims. The Retirement System consequently satisfies the typicality requirement. <u>See</u> <u>McDermid v. Inovio Pharm., Inc.</u>, 467 F. Supp. 3d 270, 277-78 (E.D. Pa. 2020); <u>Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP</u>, No. CV 20-200, 2020 WL 815136, at *6 (E.D. Pa. Feb. 19, 2020) (citation omitted); <u>Tomaszewski</u>, 383 F. Supp. 3d at 412 (citations omitted).

In deciding whether a purported lead plaintiff is adequate, we ask whether it "has the ability and incentive to represent the claims of the class vigorously,

[whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." In re Cendant, 264 F.3d at 265 (citations omitted). We also consider whether the proposed lead plaintiff has "demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." Id. There is no doubt that the Retirement System shares the same incentives as other class members to prosecute this case. The Retirement System alleges it was wronged by the same conduct as each of the putative class members, and its recovery is tethered to that of the class as a whole. There is thus no conflict between its interests and those of the class. The Retirement System has also served as lead plaintiff in a securities class action before, see Shankar v. Imperva, Inc., No. 4:14-cv-1680, Doc. 29 (N.D. Cal. Aug. 7, 2014), and it has selected competent counsel experienced in class action securities litigation, (Doc. 5 at 9-11). Based on the record before us, we have no basis to suspect that counsel negotiated an unreasonable fee. We therefore conclude that the Retirement System meets the adequacy requirement at this stage. We will treat the Retirement System as the presumptive lead plaintiff.

To rebut this presumption, another putative class member must establish that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (a)(3)(B)(iii)(II)(bb). No other class member has opposed the Retirement System's motion or attempted to prove that it is an inadequate

5

representative, nor has any other class member moved for appointment as lead plaintiff. Therefore, we find no basis to rebut the presumption established by the PSLRA, and we will appoint the Retirement System as lead plaintiff.

**B.      Lead Counsel**

We must also appoint lead counsel. Lead plaintiff selects lead counsel, subject to the court's approval, to the represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(v). The court should approve of the lead plaintiff's choice of counsel as long as it is reasonable. In re Cendant, 264 F.3d at 276. Courts consider a nonexhaustive list of factors in deciding whether the choice is reasonable, including counsel's qualifications, experience, and sophistication, as well as the manner and process by which the lead plaintiff chose counsel. Id. (citation omitted). The "ultimate inquiry is always whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." Id.

The Retirement System moves to appoint Robbins Geller. (Doc. 5 at 9-11). We must generally defer to lead plaintiff's choice unless rejection of that choice is "necessary to protect the interests of the plaintiff class." In re Cendant, 264 F.3d at 274. Robbins Geller is a reputable law firm with demonstrated success as lead counsel securities class actions. (See Doc. 5 at 10-11 (collecting Robbins Geller cases and awards)). Moreover, Robbins Geller will be assisted by former chief district judge Lawrence Stengel and the Saxton & Stump law firm, who will serve as local counsel. (See Doc. 6 ¶ 1). The court has no reason to believe that the Retirement System's choice of counsel was the result of anything but good-faith and

arms-length bargaining. We will therefore approve of its choice and grant its motion for appointment of lead counsel. See McDermid, 467 F. Supp. 3d at 281 (appointing Robbins Geller as lead counsel and Lawrence Stengel as local counsel).

### III.   Conclusion

We will grant the motion (Doc. 4) to appoint lead plaintiff and lead counsel. An appropriate order shall issue.

>                     /S/ CHRISTOPHER C. CONNER
>                     Christopher C. Conner
>                     United States District Judge
>                     Middle District of Pennsylvania

Dated:    February 3, 2021