IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAWARE COUNTY EMPLOYEES RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,** | : : : : : | **CIVIL ACTION NO. 3:20-CV-1815** (Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **CABOT OIL & GAS CORPORATION, DAN O. DINGES, and SCOTT C. SCHROEDER,** | : : : : : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 22nd day of June, 2021, upon consideration of defendants' motion (Doc. 29) to transfer this action to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1404(a), and the court observing that Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought," 28 U.S.C. § 1404(a),[1] and that the movant bears the burden of proving transfer is appropriate, Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted), and the court further observing that, in determining whether transfer is appropriate, a district court has discretion in balancing the relevant factors, id. at 879, 883, which include private interest factors, to wit:

---

[1] Plaintiff Delaware County Employees Retirement System (the "Retirement System") does not dispute that this action could have been brought in the Southern District of Texas. (See Doc. 41 at 8-9).

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum),

id. (internal citations omitted), as well as the following public interest factors:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

id. at 879-80 (internal citations omitted), and the court, having considered the parties' respective arguments for and against transfer, concluding that, on balance, the private[2] and public[3] factors favor transfer to the Southern District of Texas, it is hereby ORDERED that:

---

[2] A plaintiff's choice of forum is ordinarily given substantial deference, see Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks and citation omitted), but that choice is entitled to less weight in class actions like this one, see Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz, No. 2:19-CV-00307, 2020 WL 1808270, at *6 (W.D. Pa. Apr. 9, 2020) (citation omitted); Jacobowitz v. Range Res. Corp., No. 2:21-CV-00301-RJC, 2021 WL 2457545, at *4 (W.D. Pa. June 16, 2021). Importantly, the statements at issue in this lawsuit arose in Texas, where they were prepared and issued. See Osborne, 2020 WL 1808270, at *7 (citation omitted); Jacobowitz, 2021 WL 2457545, at *5 (citation omitted); (see also Doc. 47 ¶¶ 1-11, 117-136; Doc. 30-1 ¶¶ 6-9). Witnesses and discovery relevant to that conduct will therefore likely be located in Texas. We acknowledge the Retirement System's arguments about Cabot's contacts with and resources within Pennsylvania, and the System's intent to take discovery here. But at bottom, this suit concerns an alleged wrong committed in Texas, not Pennsylvania. We also acknowledge that some witnesses may be located beyond Texas's subpoena power. See Osborne, 2020 WL 1808270, at *9. We are not persuaded by this potential

1. The motion (Doc. 29) is GRANTED to the extent it requests transfer to the United States District Court for the Southern District of Texas.

2. The Clerk of Court shall TRANSFER this case to the United States District Court for the Southern District of Texas.

3. The Clerk of Court shall also TRANSFER the case captioned as *In re* Cabot Oil & Gas Corporation Derivative Litigation, No. 3:20-CV-1948, to the United States District Court for the Southern District of Texas.  See *In re* Cabot Oil & Gas, No. 3:20-CV-1948, Doc. 18 ¶ 1.

4. The Clerk of Court shall thereafter CLOSE both cases.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

problem, however, because witness unavailability is mere speculation at this juncture, see Huang v. Sonus Networks, Inc., No. 15-2407, 2016 WL 1090436, at *3 (D.N.J. Mar. 21, 2016); (see also Doc. 41 at 18-19), and advances in technology will no doubt ease discovery-related burdens.  In sum, inconvenience to or inaccessibility of Pennsylvania witnesses is conjectural and, on balance, not enough to tip the scales against transfer.

[3] At the outset, we are not concerned that a judgment imposed by a Texas federal court would be unenforceable elsewhere, or that a Texas federal court would be unable to apply federal securities law.  See Osborne, 2020 WL 1808270, at *10, 12.  This district has some interest in the events underlying this case, but the interests and policies of the forum traditionally relevant in diversity cases are less present in cases like this one, where defendants are charged with violating federal law at the expense of shareholders throughout the country.  These public factors are therefore neutral.  Transfer to the Southern District of Texas also has practical benefits, particularly in terms of expediency and conservation of resources, since the critical operatives and discovery in this case are likely found in Texas, not Pennsylvania.  Lastly, the Southern District of Texas is better positioned to expeditiously resolve this case.  When compared to our colleagues in the Southern District of Texas, judges in this judicial district have a higher civil case load and take longer to adjudicate those cases.  See *United States District Courts – Combined Civil and Criminal Federal Court Management Statistics*, U.S. COURTS (Mar. 31, 2020), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/03/31-1.